1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTUAN WILLIAMS,<br>CDCR #H-16685,<br><br>                            Plaintiff,<br><br>            vs.<br><br>G.J. JANDA, Associate Warden;<br>W.J. PRICE; Facility Captain;<br>R. JOHNSON, Correctional Lieutenant;<br>ANAYA, Correctional Counselor,<br><br>                            Defendants. | Civil No.    07-1745 WQH (CAB)<br><br>**ORDER DIRECTING U.S.<br>MARSHAL TO EFFECT SERVICE<br>OF FIRST AMENDED COMPLAINT<br>PURSUANT TO FED. R. CIV. P.<br>4(c)(2) AND 28 U.S.C. § 1915(d)** |

## I.    Procedural History

        Plaintiff, an inmate currently incarcerated at Centinela State Prison located in Imperial, California and proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 on September 4, 2007.  On October 31, 2007, Plaintiff submitted a Motion to Proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 4].  On December 6, 2007, this Court granted Plaintiff's Motion to Proceed IFP but simultaneously dismissed his Complaint for failing to state a claim upon which relief could be granted.  *See* Dec. 6, 2007 Order at 5-6.

        Nonetheless, the Court granted Plaintiff forty five days to submit a First Amended Complaint correcting the deficiencies of pleading noted in the Court's Order.  *Id.* at 6.  In addition, Plaintiff was cautioned that any Defendants not named and all claims not re-alleged

1 in the Amended Complaint will be deemed to have been waived.  *Id.* (citing *King v. Atiyeh*, 814

2 F.2d 565, 567 (9th Cir. 1987).  On January 23, 2008, Plaintiff filed his First Amended Complaint

3 ("FAC").  However, Plaintiff did not rename Defendant Nelson and accordingly, Defendant

4 Nelson is dismissed from this action.  *King*, 814 F.2d at 567.

5 **II. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A**

6  As the Court stated in its previous Order, the Prison Litigation Reform Act obligates the

7 Court to review complaints filed by all persons proceeding IFP and those, like Plaintiff, who are

8 "incarcerated or detained in any facility [and]   accused of, sentenced for, or adjudicated

9 delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial

10 release, or diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C.

11 §§ 1915(e)(2) and 1915A(b).  Under these provisions, the Court must sua sponte dismiss

12 prisoner and all other IFP complaints, or any portions thereof, which are frivolous, malicious,

13 fail to state a claim, or which seek damages from defendants who are immune.  *See* 28 U.S.C.

14 §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc)

15 (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

16  Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte

17 dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.  However 28

18 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing an IFP or prisoner's suit

19 make and rule on its own motion to dismiss before directing that the Complaint be served by the

20 U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2).  *Id.* at 1127 ("[S]ection 1915(e) not only permits,

21 but requires a district court to dismiss an in forma pauperis complaint that fails to state a

22 claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing

23 § 1915A).

24  "[W]hen determining whether a complaint states a claim, a court must accept as true all

25 allegations of material fact and must construe those facts in the light most favorable to the

26 plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

27 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

28

1    Here, the Court finds that Plaintiff's retaliation claims in his First Amended Complaint

2  survive the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and that

3  Plaintiff is therefore automatically entitled to U.S. Marshal service on his behalf.  *See Lopez*, 203

4  F.3d at 1126-27;  28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all

5  process, and perform all duties in [IFP] cases."); FED.R.CIV.P. 4(c)(2) (providing that "service

6  be effected by a United States marshal, deputy Untied States marshal, or other officer specially

7  appointed by the court . . . when the plaintiff is authorized to proceed *in forma pauperis* pursuant

8  to 28 U.S.C. § 1915.").   However, Plaintiff is cautioned that "the sua sponte screening and

9  dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6)

10  motion that [a defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F.Supp.2d 1115, 1119

11  (S.D. Cal. 2007).

12  **III.    Conclusion and Order**

13     Good cause appearing, **IT IS HEREBY ORDERED** that:

14     1.     Defendant Nelson is **DISMISSED** from this action.  *King*, 814 F.2d at 567.

15     2.     The United States Marshal shall serve a copy of the First Amended Complaint and

16  summons upon Defendants as directed by Plaintiff on U.S. Marshal Form 285.  All costs of

17  service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED.R.CIV.P. 4(c)(2).

18     3.     Defendants are thereafter **ORDERED** to reply to the First Amended Complaint

19  within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

20  *See* 42 U.S.C. § 1997e(g)(2) (while Defendants may occasionally be permitted to "waive the

21  right to reply to any action brought by a prisoner confined in any jail, prison, or other

22  correctional facility under section 1983," once the Court has conducted its sua sponte screening

23  pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary

24  determination based on the face on the pleading alone that Plaintiff has a "reasonable

25  opportunity to prevail on the merits," Defendants are required to respond).

26     4.     Plaintiff shall serve upon Defendants or, if appearance has been entered by

27  counsel, upon Defendants' counsel, a copy of every further pleading or other document

28  submitted for consideration of the Court.  Plaintiff shall include with the original paper to be

filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

   **IT IS SO ORDERED.**

DATED:  March 25, 2008

**WILLIAM Q. HAYES**
United States District Judge