1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

11

12

13

14

15

| | |
|---|---|
| ANTUAN WILLIAMS,<br><br>                                   Plaintiff,<br><br>             v.<br><br>G.J. JANDA, et al.,<br><br>                                   Defendants. | Civil No.    07cv1745 WQH (CAB)<br><br>**REPORT AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS THE FIRST AMENDED COMPLAINT**<br>**[Doc. No. 15.]** |

16

17

18

19

20

21

22

23

24

25

26

27

28

### I.  INTRODUCTION

Plaintiff Antuan Williams, a state prisoner proceeding *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983, against Defendants G. Janda, W. Price, R. Johnson, and J. Anaya, employees of the California Department of Corrections and Rehabilitation at Calipatria State Prison.  On June 3, 2008, Defendants moved to dismiss the First Amended Complaint.  Plaintiff submitted an Opposition on July 24, 2008.  [Doc. No. 20.]  Defendants did not submit a Reply.  For the reasons that follow, this Court recommends the motion be **GRANTED in part** and **DENIED in part**.

### II.  BACKGROUND

At all relevant times, Plaintiff was incarcerated at Calipatria State Prison ("Calipatria").  The First Amended Complaint ("FAC") alleges the following facts.[1]

_____

[1] The Court notes that Plaintiff attached several documents in support of his Opposition to the Motion to Dismiss, which appear to contradict factual allegations in the FAC. When a complaint is accompanied by attached documents, the documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim. *Roth v. Garcia*

1

07cv1745

1    On June 20, 2007, Plaintiff, who's work assignment was as the chairman of the Men's Advisory

2    Council, had a meeting with Defendant Johnson.  (FAC at ¶ 3.)  At the meeting, Defendant Johnson

3    notified Plaintiff he would be removed from his work assignment if he continued to criticize the

4    administration's position regarding the lack of programs for black prisoners.  (FAC at ¶ 4.)  Defendant

5    Johnson stated "no one here likes a whistle blower."  (*Id.*)

6    On June 22, 2007, Defendants Johnson and Price filed charges against Plaintiff, which were

7    based on information from a confidential informant which subsequently proved to be false.  (FAC at ¶ 1,

8    5.)  Plaintiff was placed in administrative segregation based on these charges.  (FAC at ¶ 11.)  On June

9    28, 2007, Defendants Janda, Price, and Johnson ordered Plaintiff to appear before the prison

10   classification committee.  (FAC at ¶ 8.)  On July 12, 2007, Plaintiff appeared before the classification

11   committee.  (FAC at ¶ 10.)  At the classification committee hearing, the Associate Warden and Chief

12   Deputy Warden ordered Plaintiff released from administrative segregation because the confidential

13   information was unfounded.  (FAC at ¶¶ 10, 12.)

14   At some point after the July 12, 2007 hearing, Plaintiff was again placed in administrative

15   segregation pending a transfer to another prison.  (FAC at ¶ 13.)  The decision to transfer him to another

16   prison was based on the confidential information proven to be false and on a prior incident for which

17   Plaintiff served a term in the Security Housing Unit.  (FAC at ¶¶ 13, 14.)  Plaintiff has not had any

18   disciplinary problems in approximately four years.  (FAC at ¶ 14.)  Since his placement in administrative

19   segregation, Plaintiff has had his legal mail opened without authorization, his cell has been searched

20   excessively, his property has been taken without justification, he was removed from his job assignment,

21   and he has been subjected to a hostile environment.  (FAC at ¶ 21.)

22   With respect to the above facts, Plaintiff alleges claims for: (1) retaliation in violation of the First

23   Amendment; (2) cruel and unusual punishment in violation of the Eighth Amendment; (3) false

24

25   *Marquez*, 942 F.2d 617, 625 n.1 (9th Cir. 1991).  If the allegations in the complaint are refuted by an
     attached document, the court need not accept the allegations as being true.  *Id*.  Here, however, the
26   documents are attached to his Opposition, and thus it is not appropriate for the Court to consider the
     content of these documents to determine the veracity of Plaintiff's factual allegations.  Furthermore,
27   although Plaintiff made additional allegations in a declaration in support of the FAC and in his
     Opposition, upon this motion to dismiss it is the allegations in the complaint itself that are at issue.  *E.g.,*
28   *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994); *Buckey v. County of Los Angeles*,
     968 F.2d 791, 794 (9th Cir. 1992) ("Review is limited to the contents of the complaint.").

07cv1745

1    imprisonment in violation of the Eighth Amendment; and (4) deprivation of his rights under the Equal

2    Protection and Due Process Clauses of the Fourteenth Amendment.

3                                           **III.  DISCUSSION**

4         "[A] plaintiff in a section 1983 action must show: (1) that the conduct complained of was

5    committed by a person acting under color of state law; and (2) that the conduct deprived the claimant of

6    a right secured by the Constitution or federal law." *Hammer v. Gross*, 884 F.2d 1200, 1203 (9th Cir.

7    1989).

8    **A.      Standard of Review**

9         Federal Rule of Civil Procedure 12(b)(6) provides for dismissal for "failure to state a claim upon

10   which relief can be granted." Fed. R. Civ. P. 12(b)(6).  "A Rule 12(b)(6) dismissal motion 'can be

11   granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her

12   claim.'" *Holley v. Crank*, 400 F.3d 667, 674 (9th Cir. 2005) (internal citation omitted).  "All allegations

13   of material fact are taken as true and construed in the light most favorable to the nonmoving party."

14   *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989).  The dispositive issue is "not whether a plaintiff will

15   ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Jackson*

16   *v. Carey*, 353 F.3d 750, 755 (9th Cir. 2003) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

17        Civil rights complaints are construed liberally. *See Holley*, 400 F.3d at 674.  Moreover, courts

18   "have an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the

19   pleadings liberally and to afford the petitioner the benefit of any doubt." *Bretz v. Kelman*, 773 F.2d

20   1026, 1027 (9th Cir. 1985) (*en banc*) (internal citation omitted).  "However, a liberal interpretation of a

21   civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v.*

22   *Board of Regents of University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) (internal citation omitted).

23   Furthermore, courts do not assume the truth of legal conclusions merely because they are cast in the

24   form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

25   **B.      First Amendment**

26        Plaintiff claims Defendants Johnson and Price filed false charges against him, which led to his

27   placement in administrative segregation, in retaliation for criticizing the administration's position

28

07cv1745

1  regarding the denial of programs for black prisoners.[2]  He also claims Defendant Janda is liable as a

2  supervisor because he knew Defendants Johnson and Price were retaliating against Plaintiff and did

3  nothing to prevent the alleged retaliatory acts.  Within the prison context, a claim of First Amendment

4  retaliation contains five basic elements: (1) a state actor took an adverse action against the plaintiff; (2)

5  because of; (3) the plaintiff's protected conduct; and that such action (4) chilled the plaintiff's exercise

6  of his First Amendment rights; and (5) the action did not reasonably advance a legitimate correctional

7  goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  In regards to the fourth element, the

8  Ninth Circuit has indicated an allegation of "harm that is more than minimal," may suffice if a plaintiff

9  fails to allege a chilling effect.  *Id.* at 567 n.11.  However, Prisoner retaliation claims should be evaluated

10  in light of *Sandin v. Conner*, 515 U.S. 472 (1995), in which the Supreme Court expressed disapproval of

11  excessive judicial involvement in day-to-day prison management.[3]  *Pratt v. Rowland*, 65 F.3d 802, 807

12  (9th Cir. 1995).

13      Here, Plaintiff has alleged an adverse action, the filing of false charges, was taken against him

14  because of his protected conduct, his complaints regarding the lack of programs for black prisoners.  The

15  allegation Defendants knew the charges were false indicates his placement in administrative segregation

16  did not advance a legitimate correctional goal.  Finally, although Plaintiff does not specifically allege a

17  chilling effect, his placement in administrative segregation constitutes a "harm that is more than

18  minimal," which is sufficient to satisfy the "chilling effect" prong of the analysis.  *See Rhodes*, 408 F.3d

19  at 567 n.11.  Thus, Plaintiff has adequately pled a retaliation claim against Defendants Johnson and

20  Price.

21  ///

22  ///

23

24  [2] In the section of the FAC where Plaintiff names the individual defendants, he includes specific factual allegations not found in the section where the form instructs the prisoner to provide factual

25  support for his claims.  For purposes of this Report and Recommendation, the Court shall incorporate these factual allegations into the body of the complaint where Plaintiff puts forth his supporting facts.

26  However, in any future pleadings, Plaintiff is instructed to include all of his factual allegations within the body of the complaint.

27  [3] In particular, the Supreme Court noted "the view expressed in several of our cases that federal courts ought to afford appropriate deference and flexibility to state officials trying to manage a volatile

28  environment," especially with regard to "the fine-tuning of the ordinary incidents of prison life, a common subject of prisoner claims" under section 1983.  *Sandin*, 515 U.S. 482-83.

07cv1745

1    Furthermore, Plaintiff has made a *prima facie* showing of supervisory liability on the part of

2   Defendant Janda.[4]  Supervisory personnel are not liable under § 1983 unless the plaintiff alleges facts

3   showing the supervisory defendants either: (1) personally participated in the alleged deprivation of

4   constitutional rights; (2) knew of the violations and failed to act to prevent them; or (3) implemented or

5   put forth a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the

6   moving force of the constitutional violation." *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)

7   (internal citations omitted).  Here, Plaintiff alleges Defendant Janda knew that retaliatory acts were being

8   taken against Plaintiff and did nothing to prevent these retaliatory acts. (FAC at ¶ 24.)

9    In sum, the Court finds Plaintiff has adequately pled a claim for First Amendment retaliation

10   against Defendants Johnson and Price, and for supervisor liability on the part of Defendant Janda in

11   relation to the alleged retaliatory acts by Defendants Johnson and Price.  Accordingly, this Court

12   recommends Defendants' motion to dismiss Plaintiff's First Amendment claims be **DENIED**.

13   **C.    Eighth Amendment**

14    Plaintiff alleges claims against Defendants Johnson, Price, Janda, and Anaya for cruel and

15   unusual punishment and false imprisonment in violation of the Eighth Amendment.

16    **1.  Cruel and Unusual Punishment**

17    Plaintiff claims Defendants violated his Eighth Amendment right to be free from cruel and

18   unusual punishment when they deprived him of basic human needs and were deliberately indifferent to

19   his personal safety. (FAC at ¶¶ 20, 23.)  "The Eighth Amendment's prohibition against cruel and unusual

20   punishment protects prisoners not only from inhumane methods of punishment but also from inhumane

21   conditions of confinement." *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir.2006). "[W]hile

22   conditions of confinement may be, and often are, restrictive and harsh, they 'must not involve the

23   wanton and unnecessary infliction of pain.'" *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347

24

25    [4] To the extent Plaintiff claims Defendant Janda personally retaliated against him in violation of
      the First Amendment, such a claim would fail because he does not allege any facts which would support
26   a First Amendment retaliation claim against Defendant Janda.  Plaintiff alleges that on June 28, 2007,
      Defendant Janda, along with Defendants Johnson and Price, ordered Plaintiff to appear before the prison
27   Institution Classification Committee on July 12, 2007. (FAC at ¶ 8.)  Its appears the hearing before the
      ICC was in response to the Rule Violation Report filed by Defendants Johnson and Price on June 22,
28   2007.  Merely ordering Plaintiff to appear before the ICC for a disciplinary hearing on his Rule Violation
      Report is insufficient to establish any of the elements of a First Amendment retaliation claim.

07cv1745

1  (1981)).  "[O]nly those deprivations denying the 'minimal civilized measure of life's necessities' are

2  sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294,

3  298 (1991); *see also Hudson v. McMillian*, 503 U.S. 1, 9 (1992) (stating "extreme deprivations are

4  required to make out a conditions-of-confinement claim").

5      A prisoner claiming an Eighth Amendment violation must show: (1) the deprivation he suffered

6  was "objectively, sufficiently serious;" and (2) prison officials were deliberately indifferent to his safety

7  in allowing the deprivation to take place. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  Additionally,

8  in order to show causation between the deliberate indifference and the Eighth Amendment deprivation, a

9  prisoner-plaintiff must demonstrate the individual defendant was in a position to take steps to avert the

10  harm, but failed to do so intentionally or with deliberate indifference. *Leer v. Murphy*, 844 F.2d 628,

11  633 (9th Cir. 1988).  This inquiry requires "a very individualized approach which accounts for the

12  duties, discretion, and means of each defendant." *Id*. at 633-34.  Thus, a prison official may be liable

13  under the Eighth Amendment for denying humane conditions of confinement only if he knows that an

14  inmate faces a substantial risk of harm and disregards that risk by failing to take reasonable measures to

15  abate it. *Farmer*, 511 U.S. at 837-45.

16      Here, Plaintiff claims Defendants deprived him of his basic human needs and were deliberately

17  indifferent to his personal safety when they falsely imprisoned him in administrative segregation and

18  denied him the opportunity to earn work and good time credits. (FAC at ¶ 23.)  However, these

19  allegations are insufficient to support a claim that Defendants' actions resulted in the infliction of cruel

20  and unusual punishment or caused Plaintiff to endure inhumane conditions.  Specifically, the FAC

21  contains no facts which indicate Plaintiff was denied adequate food, clothing, shelter, and medical care.

22  *But cf. Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005) (allegations of serious health hazards in

23  disciplinary segregation yard for a period of nine months, including toilets that did not work, sinks that

24  were rusted and stagnant pools of water infected with insects, and a lack of cold water even though the

25  temperature in the prison yard exceeded 100 degrees, was enough to state a claim of unconstitutional

26  prison conditions).  Nor has Plaintiff alleged facts to demonstrate his placement in administrative

27  segregation threatened his personal safety or exposed him to a "substantial risk of serious harm." *See*

28  *Farmer*, 511 U.S. at  834.  Because Plaintiff has failed to demonstrate he suffered a deprivation which

07cv1745

1   was "objectively, sufficiently serious," this Court recommends Defendants' motion be **GRANTED** and

2   Plaintiff's Eighth Amendment claim be **DISMISSED**.

3       **2. False Imprisonment**

4       Plaintiff alleges a claim for "false imprisonment" in violation of the Eighth Amendment, based

5   on his placement in administrative segregation.  (FAC at ¶ 17.)  False imprisonment, a tort under

6   California law, is the "unlawful violation of the personal liberty of another." *Asgari v. City of Los*

7   *Angeles*, 15 Cal. 4th 744, 757 (Cal. 1997).  A false imprisonment claim under California law may be

8   based on imprisonment pursuant to a false arrest, or an unreasonable delay in bringing the arrested

9   person before a judicial officer. *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999).

10       To the extent Plaintiff intended to, but did not, plead clearly or correctly a claim for false

11   imprisonment under state tort law, Plaintiff's claim fails.  Plaintiff is a convicted prisoner in the custody

12   of the California Department of Corrections and Rehabilitation at Calipatria State Prison, and the events

13   described by Plaintiff in this action do not give rise to a cognizable tort claim for false imprisonment.

14   Accordingly, this Court recommends Defendants' motion be **GRANTED** and Plaintiff's false

15   imprisonment claim be **DISMISSED without leave to amend**.  *See Lopez v. Smith*, 203 F.3d 1122,

16   1130 (9th Cir. 2000) (en banc) (stating it is appropriate to dismiss a claim without leave to amend when

17   the pleading could not be cured by the allegation of other facts).

18   **D.**     **Fourteenth Amendment**

19       Plaintiff alleges claims against Defendants Johnson, Price, Janda, and Anaya for violations of his

20   rights under the Equal Protection and Due Process Clauses of the Fourteenth Amendment.

21       **1. Equal Protection**

22       Plaintiff claims his rights under the Equal Protection Clause were violated when he was placed in

23   administrative segregation based on information from a confidential informant which subsequently

24   proved to be false.  (FAC at ¶ 2.)  The Equal Protection Clause requires that persons who are similarly

25   situated be treated alike. *City of Cleburne v. Cleburne Living Center, Inc.*, 473 U.S. 432, 439 (1985).  A

26   plaintiff may establish an equal protection claim by showing that the defendant has intentionally

27   discriminated on the basis of the plaintiff's membership in a protected class, *e.g.*, *Lee v. City of Los*

28   *Angeles*, 250 F.3d 668, 686 (9th Cir.2001), or by showing that similarly situated individuals were

07cv1745

1   intentionally treated differently without a rational relationship to a legitimate state purpose, *Village of*

2   *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000).

3          Although Plaintiff alleges his right to equal protection was violated, the FAC is devoid of any

4   facts which would support an equal protection claim.  Accordingly, this Court recommends Defendants'

5   motion be **GRANTED** and Plaintiff's equal protection claim be **DISMISSED**.

6          **2.  Due Process**

7          Plaintiff claims Defendants violated his due process rights when he was placed in administrative

8   segregation on June 22, 2007, based on false information from a confidential informant, pending a

9   disciplinary hearing on July 12, 2007.  (FAC at ¶¶ 2, 9, 10.)  In the prison context, the United States

10  Supreme Court has significantly limited the instances in which due process can be invoked.  Although

11  prisoners do not shed all constitutional rights at the prison gate, *Wolff v. McDonnell*, 418 U.S. 539, 555

12  (1974), "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges

13  and rights, a retraction justified by the considerations underlying our penal system," *Jones v. North*

14  *Carolina Prisoners' Labor Union, Inc.*, 433 U.S. 119, 125 (1977) (quotations omitted).

15         "Discipline by prison officials in response to a wide range of misconduct falls within the

16  expected perimeters of the sentence imposed by a court of law." *Sandin*, 515 U.S. at 485.  As a result,

17  constitutionally protected liberty interests are "limited to freedom from restraint which . . . imposes

18  atypical and significant hardships on the inmate in relation to the ordinary incidents of prison life." *Id*. at

19  484.  The state does not create protectable liberty interests by way of mandatory language in prison

20  regulations.  *Sandin*, 515 U.S. at 481-84.

21         Plaintiff's due process claim is based on his approximately twenty-day placement in

22  administrative segregation as a result of the charges filed against him on June 22, 2007.[5]  However, this

23  twenty-day placement in administrative segregation is insufficient to establish a liberty interest because

24  such a placement in administrative segregation falls within the terms of confinement ordinarily

25

26         [5] Although Plaintiff was subsequently placed in administrative segregation pending a transfer to
    another prison, based on his factual allegations, it appears only the initial twenty days of his stay in
    administrative segregation were due to the charges filed against him by Defendants Johnson and Price
27  because those charges were found to be false on July 12, 2007, and Plaintiff was released from
    administrative segregation by order of the Associate Warden and Chief Deputy Warden.  (FAC at ¶ 10.);
28  *Cf. Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992) (a court may disregard a Plaintiff's
    conclusory allegations that are contradicted by his factual allegations).

07cv1745

1  contemplated by a prison sentence.  *See id.* at 485-86 (holding a thirty-day placement in disciplinary

2  segregation for punitive reasons did not present a dramatic departure from the basic conditions of a

3  prisoner's sentence and thus did not create a liberty interest); *May v. Baldwin*, 109 F.3d 557, 565 (9th

4  Cir. 1997) (convicted inmate's due process claim fails because he has no liberty interest in freedom from

5  state action taken within sentence imposed and administrative segregation falls within the terms of

6  confinement ordinarily contemplated by a sentence) (quotations omitted); *see also Jones v. Baker*, 155

7  F.3d 810, 812 (6th Cir. 1998) (finding a two-and-a-half year term in administrative segregation did not

8  constitute an "atypical and significant" hardship).  Thus, Plaintiff has failed to establish a liberty interest

9  protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the

10  conditions or consequences of his disciplinary segregation which show "the type of atypical, significant

11  deprivation [that] might conceivably create a liberty interest.  *Id*. at 486.

12      In any event, assuming *arguendo* Plaintiff had a constitutionally protected liberty interest in not

13  being placed in administrative segregation for twenty days, based on the facts alleged, the process he

14  received was adequate.  The requirements of due process are "flexible and cal[l] for such procedural

15  protections as the particular situation demands.  *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972).  Rather

16  than rely on rigid rules, the United States Supreme Court has established a framework to evaluate the

17  sufficiency of a particular process.  *Wilkinson v. Austin*, 545 U.S. 209, 224 (2005).  The framework

18  requires consideration of three distinct factors:

19      First, the private interest that will be affected by the official action; second, the risk of an
20      erroneous deprivation of such interest through the procedures used, and the probable value,
        if any, of additional or substitute procedural safeguards; and finally, the Government's
21      interest, including the function involved and the fiscal and administrative burdens that the
        additional or substitute procedural requirement would entail.

22      *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

23      Importantly, the private interest at stake must be considered in the context of the prison system,

24  where prisoners have their liberty curtailed by definition, and thus procedural protections are necessarily

25  more limited.  *Wilkinson*, 545 U.S. at 225.  In *Wilkinson*, the Supreme Court found that indefinite

26  solitary confinement in an Ohio "supermax" facility, which resulted in an automatic denial of parole,

27  created a constitutionally protected liberty interest.  *Id.* at 224.  However, the Supreme Court found the

28  state's "informal, nonadversary procedures," which did not allow calling witnesses, adequately

9

1    safeguarded an inmate's liberty interest in not being assigned indefinitely to the supermax facility. *Id*. at

2    228-29.  Allowing inmates a rebuttal opportunity "safeguard[ed] against the inmate's being mistaken for

3    another or singled out for insufficient reason." *Id*. at 226.

4          Here, Plaintiff was provided with a hearing before the Institution Classification Committee on

5    July 12, 2007, approximately twenty days after his placement in administrative segregation.  (FAC at ¶

6    10.)  The hearing was attended by the Associate Warden and the Chief Deputy Warden.  (*Id*.)  Based on

7    the results of an investigation conducted on July 11, 2007, the information from the confidential

8    informant was determined to be false.  (FAC at ¶¶ 10, 12.)  The ICC panel then ordered Plaintiff to be

9    released from administrative segregation.  (FAC at ¶ 10.)

10         Given the government's significant interest in prison security, and viewing the private interest in

11   the context of the prison environment, these procedural protections adequately protected against an

12   "inmate's being mistaken for another or singled out for insufficient reason." *See Wilkinson*, 545 U.S. at

13   226.  Indeed, the hearing here served this purpose because Plaintiff was ordered to be removed from

14   administrative segregation after the ICC panel determined the confidential informant's information was

15   false.  Thus, assuming *arguendo* Plaintiff had a constitutionally protected liberty interest in not being

16   placed in administrative segregation for twenty days, the procedural protections he received were

17   sufficient to safeguard that interest.

18         Accordingly, this Court recommends Defendants' motion as to the due process claim be

19   **GRANTED**.  Furthermore, Plaintiff puts forth the same factual allegations in regards to this claim as in

20   his original Complaint, which was also dismissed for failure to state claim because Plaintiff failed to

21   allege a liberty interest in remaining free of administrative segregation.  Plaintiff was notified of the

22   specific defects with his pleadings, and instructed that if he failed to cure the defects described in that

23   order, his complaint could be dismissed with prejudice and without leave to amend.  [Doc. No. 6 at 4, 6.]

24   Therefore, this Court recommends Plaintiff's due process claim be  **DISMISSED without leave to**

25   **amend**.

26   ///

27   ///

28   ///

07cv1745

**E.      Qualified Immunity**

Defendants argue they are entitled to qualified immunity from damages in their individual capacities arising out of any alleged constitutional violations.  The defense of qualified immunity shields a § 1983 defendant from trial when the defendant "'reasonably misapprehends the law governing the circumstances she confronted,' even if the [defendant's] conduct was constitutionally deficient." *Motley v. Parks*, 432 F.3d 1072, 1077 (9th Cir. 2005).  Qualified immunity is tested under a two-prong analysis established by the United States Supreme Court in *Saucier v. Katz*, 533 U.S. 194 (2001).  First, a court must determine whether the facts alleged, resolving all disputes of fact in favor of the party asserting the injury, show that the officers conduct violated a constitutional right.  *Saucier*, 533 U.S. at 201.  Second, if the conduct violated a constitutional right, the court must determine whether the violated right was "clearly established." *Id.*

A right is "clearly established" when "the contours of the right [are] sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable public official that his or her conduct was unlawful in the situation he or she confronted. *Saucier*, 533 U.S. at 202, citing *Wilson v. Layne*, 526 U.S. 603, 615 (1999). The issues are evaluated for objective reasonableness based upon the information the official had when the conduct occurred, not upon the subjective intentions of the official. *Id* at 207.

Furthermore, the issue of qualified immunity is "a pure question of law." *Elder v. Holloway*, 510 U.S. 510, 514 (1994).  "If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based on qualified immunity is appropriate." *Id*. at 202.  The plaintiff bears the burden of demonstrating that the right is clearly established *at the time of the alleged violation*. *See May v. Baldwin*, 109 F.3d 557, 561 (9th Cir. 1997).

Here, as discussed above, Plaintiff adequately stated a claim for First Amendment retaliation against Defendants Johnson and Price.  He has also stated a claim for supervisor liability on the part of Defendant Janda in relation to the alleged retaliatory acts of Defendants Johnson and Price.  Thus, Plaintiff has survived the threshold inquiry.  Furthermore, in regards to the second prong of the analysis, "the prohibition against retaliatory punishment is 'clearly established law' in the Ninth Circuit, for

qualified immunity purposes." *Pratt*, 65 F.3d at 806 (citations omitted).  Accordingly, this Court recommends Defendants' request for qualified immunity as to Defendants Johnson, Price, and Janda be **DENIED**.  In regards to Defendant Anaya, the Court does not reach the issue of qualified immunity because Plaintiff has failed to survive the threshold inquiry because he does not state a cognizable claim against Defendant Anaya.

## IV.  CONCLUSION

Having reviewed the matter, the undersigned Magistrate Judge recommends:

1.  Defendants' Motion to dismiss the First Amended Complaint be **GRANTED in part** and **DENIED in part**.

2.  Plaintiff be given **thirty days** from the date the final order regarding Defendants' Motion is entered to file and serve a Second Amended Complaint. Leave to amend should only be granted as to the previously brought claims under the Eighth Amendment and the Equal Protection Clause, for purposes of curing pleading deficiencies.

3.  Leave to amend should not be granted for Plaintiff's previously brought claims under the Due Process Clause or his state tort claim for false imprisonment.

4.  No new claims should be alleged.

5.  Plaintiff should be warned the Second Amended Complaint shall be his final pleading.

6.  Defendants' request for qualified immunity as to Defendants Johnson, Price, and Janda be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than **September 5, 2008**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

///

///

///

///

12

07cv1745

1   **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

2   served on all parties **within 10 days** of being served with the objections.

3   **IT IS SO ORDERED**.

4

5   DATED:  August 4, 2008

6

7   _____
    **CATHY ANN BENCIVENGO**
    United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

07cv1745