1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| ANTUAN WILLIAMS, | CASE NO. 07cv1745 WQH (CAB) |
|---|---|
| Plaintiff, | **ORDER** |
| vs. | |
| G.H. JANDA, et al., | |
| Defendants. | |

HAYES, Judge:

The matters before the Court are the Motion to Dismiss Plaintiff's First Amended Complaint (Doc. # 15) and the Report and Recommendation (Doc. # 21) filed by United States Magistrate Judge Cathy Ann Bencivengo.

**Background**

On September 4, 2007, Plaintiff Antuan Williams, a state prisoner proceeding pro se, filed a civil rights action pursuant to 42 U.S.C. section 1983 (Doc. # 1). On January 23, 2008, Plaintiff filed a First Amended Complaint ("FAC") which is the operative pleading in this case. The FAC alleges claims against Defendants G. Janda, W. Price, R. Johnson and J. Anaya, employees of the California Department of Corrections and Rehabilitation at Calipatria State Prison.

The FAC alleges that Plaintiff had a work assignment as the chairman of the Men's Advisory Council, which entailed addressing prisoners' concerns. The FAC alleges that on June 20, 2007, Plaintiff had a meeting with Defendant Johnson whereby Johnson notified

Plaintiff he would be removed from his work assignment if "plaintiff didn't stand down from criticizing the Administration position regarding the denial of program towards African Americans." *FAC,* ¶ 4. The FAC alleges that in closing the meeting, Johnson stated "no one here likes a whistle blower." *Id.* The FAC alleges that on June 22, 2007, Defendants Johnson and Price filed false charges against Plaintiff, and that Plaintiff was placed in administrative segregation based on these charges. *Id.,* ¶¶ 5-7. The FAC alleges that "prison disciplinary hearing procedures were not taken to legally hold or house plaintiff" in administrative segregation. *Id.,* ¶¶ 6-9. The FAC alleges that on June 28, 2007, Defendants Janda, Price, and Johnson ordered Plaintiff to appear before the prison classification committee. *Id.,* ¶ 8. The FAC alleges that on July 12, 2007, Plaintiff appeared before the classification committee and was ordered released from administrative segregation upon a finding that the charges against Plaintiff were false. *Id.,* ¶ 10. The FAC alleges that at some point after the July 12, 2007 hearing, Plaintiff was again placed in administrative segregation pending transfer to another prison. *Id.,* ¶ 13. The FAC alleges that the decision to transfer Plaintiff was based on false confidential information and on a prior incident for which Plaintiff had already served a term in a segregated housing unit. *Id.,* ¶ 13-14. The FAC alleges claims for retaliation in violation of Plaintiff's First Amendment rights; cruel and unusual punishment in violation of Plaintiff's Eighth Amendment rights; false imprisonment; violation of Plaintiff's Fourteenth Amendment equal protection rights; and violation of Plaintiff's Fourteenth Amendment due process rights.

On June 3, 2008, Defendants filed the Motion to Dismiss the FAC. Defendants assert that the FAC fails to state a First Amendment retaliation claim because Plaintiff "states no facts to establish a causal connection between his protected conduct and the actions Defendants allegedly took," and Plaintiff "does not state facts to show that any of Defendants' alleged actions had the effect of chilling Plaintiff's First Amendment rights." *Mot. to Dismiss,* p. 5. Defendants assert that FAC fails to state an Eighth Amendment cruel and unusual punishment claim because Plaintiff does not allege any facts to show extreme deprivation. Defendants assert that the FAC fails to allege facts to support an Fourteenth Amendment equal protection claim because Plaintiff does not specifically allege that he was a member of any identifiable

1 group, that Defendants inflicted any injury upon him because he was a member of an
2 identifiable group, or that he suffered any injury at all as a result of being a member of any
3 such group. Defendants assert that the FAC fails to allege facts to support a Fourteenth
4 Amendment due process claim because Plaintiff has "failed to plead any protected liberty
5 interest that was at stake in the proceedings by which he was placed in administrative
6 segregation." *Id.* at 9. Defendants contend that they are protected from liability for Plaintiff's
7 constitutional claims by qualified immunity because "Plaintiff has failed to allege the facts
8 necessary to establish a claim under the First Amendment, the Eighth Amendment, or the
9 Fourteenth Amendment." *Id.* at 10-11.

10 On September 24, 2008, Plaintiff filed a Response in Opposition to the Motion to
11 Dismiss (Doc. # 20). Plaintiff contends that the FAC states First Amendment retaliation claim
12 through allegations that Defendants placed him in administrative segregation as "retaliation
13 methods to silence him." *Opposition,* p. 3. Plaintiff asserts that the FAC states an Eighth
14 Amendment cruel and unusual punishment claim and a false imprisonment claim through
15 allegations that Defendants knowingly removed Plaintiff from the general prison population
16 based on false information. Plaintiff asserts that the FAC states a Fourteenth Amendment due
17 process claim through allegations that he was denied the right to be heard, present evidence
18 and review records before being held in administrative segregation.

19 On August 4, 2008, Magistrate Judge Cathy Ann Bencivengo issued the Report and
20 Recommendation ("R&R"). The Magistrate Judge concluded that the FAC states a First
21 Amendment retaliation claim because Plaintiff has alleged that an adverse action (the filing of
22 false charges) was taken against Plaintiff as a result of his protected conduct (his complaints
23 regarding the lack of programs for black prisoners). The Magistrate Judge concluded that
24 Plaintiff's placement in administrative segregation constitutes "harm that is more than
25 minimal," which is sufficient to satisfy the "chilling effect" requirement to state a retaliation
26 claim. *R&R,* p. 4. The Magistrate Judge concluded that the FAC fails to state an Eighth
27 Amendment cruel and unusual punishment claim because "the FAC contains no facts which
28 indicate Plaintiff was denied adequate food, clothing, shelter, and medical care;" and the FAC

fails to "allege[] facts to demonstrate [Plaintiff's] placement in administrative segregation threatened his personal safety or exposed him to a substantial risk of serious harm." *Id.*, at 6 (internal quotations omitted). The Magistrate Judge concluded that the FAC fails to state a false imprisonment claim because Plaintiff is a convicted prisoner, and "the events described by Plaintiff in this action do not give rise to a cognizable tort claim for false imprisonment." *Id.* at 7. The Magistrate Judge concluded that "the FAC is devoid of any facts which would support an equal protection claim." *Id.* at 8. The Magistrate Judge concluded that Plaintiff has failed to state a Fourteenth Amendment due process claim because allegations with respect to Plaintiff's "twenty-day placement in administrative segregation [are] insufficient to establish a liberty interest because such a placement in administrative segregation falls within the terms of confinement ordinarily contemplated by a prison sentence." *Id.* at 8-9. The Magistrate Judge further concluded that "assuming arguendo that Plaintiff had a constitutionally protected liberty interest in not being placed in administrative segregation for twenty days, the procedural protections he received were sufficient to safeguard that interest." *Id.* at 10. The Magistrate Judge concluded that Defendants Johnson, Price and Janda are not entitled to qualified immunity with respect to the FAC's First Amendment retaliation claim. *Id.* at 11 (internal quotations omitted). The Magistrate Judge concluded that with respect to the remaining Defendant Anaya, the "Court does not reach the issue of qualified immunity because Plaintiff has failed to survive on the threshold inquiry because he does not state a cognizable claim against Defendant Anaya." *Id.* at 13.

The R&R recommends that the Motion to Dismiss be denied as to Plaintiff's First Amendment retaliation claim, and granted with respect to Plaintiff's remaining claims. The R&R recommends dismissing the FAC's Eighth Amendment cruel and unusual punishment claim and Fourteenth Amendment equal protection claim without prejudice and with leave to amend, and dismissing the FAC's Fourteenth Amendment due process claim and false imprisonment claim with prejudice and without leave to amend. The R&R recommends dismissing Anaya from the case because the FAC "does not state a cognizable claim against Defendant Anaya." *R&R,* p. 12.

1    On August 20, 2008, Defendants filed Objections to the R&R (Doc. # 22). Defendants assert that the R&R applied the wrong Rule 12(b)(6) standard, and that the R&R erroneously determined that the FAC states a First Amendment retaliation claim. On September 4, 2008, Plaintiff filed Objections to the R&R (Doc. # 23). Plaintiff asserts that the R&R erroneously determined that the FAC's Fourteenth Amendment due process claim does not implicate a liberty interest. Plaintiff also opposes dismissal of due process claim with prejudice and without leave to amend. On September 19, 2008, Plaintiff filed a Reply to Defendants' Objections to the R&R (Doc. # 25).

## Standard of Review

The duties of the district court in connection with the Report and Recommendation of a Magistrate Judge are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b). The district judge "must make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b). The district court need not review de novo those portions of a Report and Recommendation to which neither party objects. *Wang v. Masaitis*, 416 F.3d 992, 1000 n. 13 (9th Cir. 2005); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th Cir. 2003) (en banc).

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of the pleadings. *See De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). A complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the right to relief above the speculative level. *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Conversely, a complaint may not be dismissed for failure to state a claim where the allegations plausibly show that the pleader is entitled to relief. *See id.* (citing Fed R. Civ. P. 8(a)(2)). In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom. *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003); *see also Chang v. Chen*, 80 F.3d 1293 (9th Cir. 1996). "Courts have a duty to construe pro se

pleadings liberally, including pro se motions as well as complaints." *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003).

Rule 15 of the Federal Rules of Civil Procedure mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). This policy is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). Once an answer to the complaint has been filed, as is the case here, courts may deny leave to amend where the proposed amendment would be futile, where it is sought in bad faith, where it will create undue delay, or where "undue prejudice to the opposing party will result." *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

## **Analysis**

### **I.    Defendants' Objections to the Report and Recommendation**

Defendants assert that in stating that "[a] Rule 12(b)(6) dismissal motion can be granted only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his or her claim," *see R&R,* p.3, the R&R erroneously applied the Rule 12(b)(6) standard set forth in *Holley v. Crank,* 400 F.3d 667, 674 (9th Cir. 2004), which was expressly abrogated by the Supreme Court in *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Defendants assert the proper Rule 12(b)(6) standard requires plaintiffs to "nudge[] their claims across the line from conceivable to plausible." *Dft's Objections,* p. 2-3 (quoting *Bell Atlantic,* 127 S. Ct. at 1965). Defendants contend that dismissal of Plaintiff's First Amendment retaliation claim is proper under this pleading standard articulated in *Bell Atlantic* because placement in administrative segregation "is not an act that would chill or silence a person of ordinary firmness from engaging in future First Amendment activities," and "does not constitute harm at all, much less the type of harm that is more than minimal." *Dft's Objections,* p. 3-4. Defendants assert that the R&R erred when it determined that the FAC states a First Amendment retaliation claim because Plaintiff has not alleged facts to show that his First Amendment rights had been chilled, or that he suffered harm that is more than minimal. Defendants assert that "because Plaintiff failed to state a claim of retaliation, he cannot claim

supervisory liability for retaliation" against Defendant Janda, and that all Defendants are protected by qualified immunity. *Id.* at 6.

Plaintiff asserts that the R&R applied the correct Rule 12(b)(6) standard, and that the FAC "stated plausible facts that can be proven by evidence to support relief sought." *Reply,* p. 2. Plaintiff asserts that the R&R correctly concluded that the FAC alleges a harm that is more than minimal through allegations that Defendants' objective for placing Plaintiff in administrative segregation was "to prohibit any future claims plaintiff have on the general prison population as the Inmate Advisory Council (Chairman) would result in future silence." *Id.* at 3. Plaintiff asserts that the R&R correctly concluded that the FAC alleges supervisory liability on the part of Defendant Janda through allegations that Janda knew of the unlawful conduct by Defendants Price and Johnson, but "at each opportunity fail[ed] to either abate or prevent the retaliatory act." *Id.* at 6.

To state a claim for First Amendment retaliation in the prison context, the plaintiff must allege the following five basic elements: (1) a state actor took an adverse action against the plaintiff, (2) because of, (3) the plaintiff's protected conduct, (4) which chilled the plaintiff's exercise of his First Amendment rights, and (5) did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson,* 408 F.3d 559, 567-68 (9th Cir. 2005). An allegation of "harm that is more than minimal" is sufficient to satisfy the fourth element, even if a plaintiff fails to allege a chilling effect. *Id.,* fn 11. To state a claim for supervisory liability under section 1983, the plaintiff must allege facts showing that the supervisor either (1) personally participated in the alleged deprivation of constitutional rights, (2) knew of the violations and failed to act to prevent them, or (3) implemented a policy "so deficient that the policy itself is a repudiation of constitutional rights" and is "the moving force of the constitutional violation." *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989). In order for an individual defendant to be entitled to qualified immunity from damages arising out of an alleged constitutional violation, the complaint must allege that the defendants' conduct violated a constitutional right, and that the constitutional right was "clearly established." *Saucier v. Katz,* 533 U.S. 194, 201 (2001).

1    The FAC alleges that Defendants Price and Johnson took an adverse action against 2 Plaintiff through allegations that they filed false charges against Plaintiff and placed Plaintiff 3 in administrative segregation on the basis of these false charges. The FAC alleges that this 4 adverse action was taken because of Plaintiff's protected conduct, specifically Plaintiff's 5 complaints regarding the lack of programs for black prisoners. The FAC alleges a harm that 6 is more than minimal through allegations that he was deprived of being housed in the general 7 prison population and placed in administrative segregation as a result of the false charges. The 8 FAC also alleges that Plaintiff has been subject to other harmful conduct "which should be 9 view[ed] as pure retaliatory" such as the unauthorized opening and reading of Plaintiff's 10 confidential legal mail, subjecting Plaintiff to excessive cell searches, and "depriving him of 11 his work assignment." *FAC,* ¶¶ 6-8, 21. The FAC alleges that Defendants' conduct did not 12 reasonably advance a legitimate goal through allegations that Defendants knowingly placed 13 Plaintiff in administrative segregation based on false charges. The Court concludes that the 14 FAC states a claim against Defendants Price and Johnson for First Amendment retaliation.

15    With respect to Defendant Janda, the FAC alleges that Janda knew of Defendant 16 Johnson's and Price's unlawful conduct, yet allowed them to carry our their retaliatory 17 behavior. The FAC alleges and that "[i]n doing so, defendants implement a policy that clearly 18 repudiated Plaintiff['s] constitutional rights and was unconscionable under the doctrine of 19 supervisory liability." *FAC,* ¶ 24. The Court concludes that the FAC alleges a claim for 20 supervisory liability against Defendant Janda.

21    The Court concludes that Defendants are not entitled to qualified immunity because the 22 FAC adequately alleges a First Amendment retaliation claim, and "the prohibition against 23 retaliatory punishment is clearly established law in the Ninth Circuit, for qualified immunity 24 purposes." *Pratt v. Rowland,* 65 F.3d 802, 806 (9th Cir. 1995) (internal quotations omitted). 25 The Court has reviewed the Motion to Dismiss and related documents de novo, and concludes

that the FAC states a First Amendment retaliation claim.[1]

## II.    Plaintiff's Objections to the Report and Recommendation

Plaintiff asserts that the R&R erroneously concluded that the FAC fails to state a Fourteenth Amendment due process claim. Plaintiff contends that the FAC adequately alleges a due process claim through allegations that he was subjected to administrative segregation without any means to contest these actions. Plaintiff states that "Plaintiff['s] due process ground is the fundamental right of well-establish[ed] protectable liberty interest from abusive practice. When a person or accuse[d] are exposed to charges either true or untrue shall be afforded an opportunity to defend such allegation." *Pltf's Objections,* p. 4. Plaintiff further asserts that the R&R erred in recommending dismissal of his due process claim with prejudice and without leave to amend, stating that the "it would be a miscarriage of justice if the District Court adopted the report and recommendation without leave to amend, and dismiss Plaintiff's due process claim with prejudice." *Id.* at 7.

Defendants have not filed a Reply to Plaintiff's Objections.

Although prisoners do not shed all constitutional rights at the prison gate, *Wolff v. McDonnell,* 418 U.S. 539, 555 (1974), "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system," *Jones v. North Carolina Prisoners' Labor Union, Inc.,* 433 U.S. 119, 124 (1977) (internal quotations omitted). Under certain circumstances, the Fourteenth Amendment's due process clause entitles a prisoner to certain due process protections when they are charged with disciplinary violations, such as the right to call witnesses, present evidence and have a written statement of the evidence relied upon and the reasons for the disciplinary action taken. *Wolff,* 418 U.S. at 564-71. However, these due process protections "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected manner' or imposes an 'atypical and significant hardship on the

---

[1] Contrary to Defendants' assertion, *Bell Atlantic Corp.,* 127 S. Ct. at 1965, did not mention, or "expressly abrogate" *Holley,* 400 F.3d at 674, and *Holley* continues to be cited with approval in this circuit. The Court finds that the FAC states a First Amendment Retaliation claim under either standard because the FAC adequately alleged all give elements of a First Amendment retaliation claim in the prison context.

inmate in relation to the ordinary incidents of prison life." *Serrano v. Francis,* 345 F.3d 1071, 1078 (9th Cir. 2003) (quoting *Sandin v. Connor,* 515 U.S. 472, 484 (1995)). Protected liberty interests in the prison context identified by the Supreme Court include freedom from transfer to a mental hospital, *Vitek v. Jones,* 445 U.S. 480, 493 (1980), and freedom from the involuntary administration of psychotropic drugs, *Washington v. Harper,* 494 U.S. 210, 221 (1990). Prisoners do not have a liberty interest in remaining free from placement in administrative segregation. *McFarland v. Cassady,* 779 F.2d 1426, 1427-28 (9th Cir. 1986); *see also Sandin v. Connor,* 515 U.S. 472, 485 (1995) ("discipline in segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest"); *Toussaint v. McMarthy,* 801 F.2d 1080, 1091-92 (9th Cir. 1986) (administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence).

Plaintiff's due process claim is based on allegations that Plaintiff was placed in administrative segregation without being afforded various due process protections, such as the right to contest the charges underlying the decision to place him in administrative segregation. However, as previously discussed, Plaintiff does not have a liberty interest in remaining free from placement in administrative segregation. The Court concludes that the FAC fails to state a due process claim because Plaintiff fails to allege any protected liberty interest that was at stake in the proceedings by which he was placed in administrative segregation. The Court has reviewed the Motion to Dismiss and related documents de novo, and concludes that the FAC fails to state a Fourteenth Amendment due process claim.

**III.    Portions of the Report and Recommendation without Objections**

Neither party objected to the Magistrate Judge's conclusions that the FAC fails to state an Eighth Amendment cruel and unusual punishment claim; false imprisonment claim; and Fourteenth Amendment equal protection claim. The Court has reviewed these portions of the R&R and concludes that the Magistrate Judge's conclusions are correct.

**Conclusion**

IT IS HEREBY ORDERED that the Report & Recommendation (Doc. # 21) is **ADOPTED in part.** The Motion to Dismiss (Doc. # 15) is **DENIED** with respect to the First Amended Complaint's First Amendment retaliation claim, and **GRANTED** with respect to the First Amended Complaint's remaining claims. The First Amended Complaint's Eighth Amendment cruel and unusual punishment claim; false imprisonment claim; Fourteenth Amendment due process claim; and Fourteenth Amendment equal protection claim are **DISMISSED without prejudice and with leave to amend.** Defendant Anaya is **DISMISSED.** Plaintiff shall file a Second Amended Complaint on or before **Monday, March 16, 2009.**

DATED: January 15, 2009

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge